VESTA McGREW *v.* H. B. STEWART

(No. 7365)

Submitted November 1, 1932.  Decided November 15, 1932.

*Frances I. Radenbaugh* and *Ambler, McCluer & Ambler,* for plaintiff in error.

*Russell, Hiteshew, Adams & Hill,* for defendant in error.

46

This action involves the right of a husband and wife, with children, to exempt more than $200.00 of their personal property from forced sale for a joint liability.

On November 12, 1931, J. O. Mead, a justice of the peace of Wood County, issued a distress warrant directed to a constable of said county, commanding him to forthwith distrain so much of the goods and chattels of Vernon E. McGrew and Vesta M. McGrew, his wife, as shall be sufficient to satisfy a claim of $84.17 for rent against them in favor of Charles Alfred Miller. On the following day, the constable executed the process by levying the same upon certain goods and chattels belonging to the McGrews. On or about December 2, 1931, each of the debtors filed an exemption list with the constable, claiming a part of the property levied upon as exempt from sale under the distress warrant, the value of the property thus claimed by Vernon E. McGrew being fixed at $200.00, and the value of the remainder, claimed by Vesta McGrew, at $199.00. Upon receiving the lists, the constable released the property claimed by the husband and sold the property claimed by the wife. This action was brought (under 38-8-8, Code 1931) by her against the constable, before a justice of the peace, to recover of defendant double the value of the property sold. From a judgment of $212.00 for plaintiff, defendant appealed to the circuit court; and upon a trial before the court in lieu of a jury, a like judgment was entered in favor of plaintiff, on the theory that the husband was entitled to exempt $200.00 of his property and the wife a like amount of her property from sale under the distress warrant.

Section 48, article VI of the state constitution, declares that "Any husband or parent residing in this state, or the infant children of deceased parents, may hold a homestead of the value of one thousand dollars, and personal property of the value of two hundred dollars, exempt from forced sale subject to such regulations as shall be prescribed by law." Chapter 38, article 8, section 1, Code 1931, provides that "Any husband or parent residing in this state, or the widow, or the infant children of deceased parents, may set apart and hold personal property not exceeding two hundred dollars in value to be

exempt from execution or other process * * *.'' If the husband or wife owning ''such property be absent or incapable of acting, or neglect or decline to act,'' section 3 authorizes the other spouse to make claim and deliver the exemption list with the same effect as if done by the owner. Neither the constitution nor the statute, in our opinion, justifies the judgment of the circuit court. The constitution provides for only one homestead and an incidental personal property exemption of two hundred dollars. The statute is in accord, except in its extension of the privilege to a widow. ''Any husband or parent,'' as used in the constitution and statute, means ''a husband or parent'', the word ''any'' being used in the sense of ''a'' and not of ''every'': ''Any'' may mean ''one indifferently out of a number'', Webster's Dictionary; or ''either'', Bouvier's Law Dictionary.

It may be, in a case like this, if the property owned by one parent which is sought to be exempted is of less value than $200.00, the other parent may also exempt his or her property to the extent of the difference. This question, however, is not before us.

The judgment complained of will be reversed and judgment entered here for defendant.

*Reversed and entered.*